**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ARACELI ARELLANO-MENDOZA, | No. 05-76912 |
| Petitioner, | |
| v. | Agency No. A079-544-427 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 9, 2010
Pasadena, California

Before: GOODWIN and RAWLINSON, Circuit Judges, and MARBLEY, District
Judge.[**]

 Araceli Arellano-Mendoza, a Mexican citizen, who entered the United States
without being admitted or paroled, petitions from dismissal by the Board of
Immigration Appeals ("BIA") of her appeal of the Immigration Judge's ("IJ")

---

 [*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

 [**] The Honorable Algernon L. Marbley, U.S. District Judge for the
Southern District of Ohio, sitting by designation.

denial of her motion to reopen her application for cancellation of removal. We

review the BIA's denial of a motion to reopen for abuse of discretion. *Malhi v.*

*INS*, 336 F.3d 989, 993 (9th Cir. 2003). We grant Arellano-Mendoza's petition,

reverse the BIA's dismissal, and remand to the BIA for further proceedings.

At the July 8, 2004, hearing, when the IJ scheduled the December 17, 2004,

removal hearing, the IJ clarified:

> *[A]ll evidence is due in court ten days prior to the hearing. . . .* All
> documents of residency of ten years must be proven by the respondent
> and provided by the respondent. The Court gives a lot of credibility to
> documents such as IRS filings, tax returns, W-2 forms, and any other
> document. Just a statement from someone who said, well, this person
> lived with me for ten years is not going to fly in this courtroom. You
> need some other information to prove that the person did live in this
> country. No matter what people do, you do buy things in the store and
> there are receipts. So there are other ways of proving residence.

Transcript at 11-12 (emphasis added). Speaking directly to Arellano-Mendoza, the

IJ advised:

> [Y]ou've been scheduled for a removal hearing on December 17th,
> 2004, at 1 o'clock in the afternoon. *If you fail to appear* other than
> exceptional circumstances beyond your control such as your own
> serious illness or the death of an immediate relative and nothing less
> compelling, otherwise *you will be found ineligible for voluntary*
> *departure, cancellation of removal*, and any other legal adjustment of
> status under immigration law *for ten years after the date of entry of*
> *the final order of removal.*

Transcript at 12-13 (emphasis added).

While required to appear at her December 17, 2004, removal hearing, Arellano-Mendoza did not have complete documentation of her continuous ten-year presence in the United States, in accordance with 8 U.S.C. § 1229b(b)(1)(A). At the hearing, the IJ stated:

> IJ: It is my understanding at this time that the respondent wishes to withdraw her application for cancellation of removal and that is *without prejudice to the respondent reinstating it should she have all her documents ready at some later time. The respondent is also willing to accept a final order of voluntary departure.*
> . . . .
> There is no bond necessary for this voluntary departure because I'm treating today as a master since the respondent requested withdrawal of her application.

Transcript at 15, 16 (emphasis added). Addressing Arellano-Mendoza, the IJ continued:

> It is my understanding that . . . . *you have some documents at home regarding your ten years continuous residence* and you, because they relate to some immunization record of your older child, and also you have a child in special education whom you wish to present special evidence *and you don't have that evidence ready to proceed today, and that is why you withdrew your application today without prejudice since it has been pending for over three years*. Is that correct?
>
> Arellano-Mendoza: Yes.
>
> IJ: And you understand that *if you get everything ready, you may reopen, make a motion to reopen with the Court.* Do you understand that?

3

Arellano-Mendoza:   Yes.

IJ:   All right.

Transcript at 17 (emphasis added).  In return for this agreement, Arellano-Mendoza

was granted voluntary departure to Mexico, and she additionally relinquished her

right to appeal the voluntary departure.  *Id.* at 16, 17.

On March 7, 2005, Arellano-Mendoza moved to reopen her cancellation-of-

removal proceedings with new documentation supplementing her first, copious

submission that remained in the administrative record and is in the record on

appeal.  Arellano-Mendoza represents that these two submissions of documents

cumulatively provide credible evidence of her continuous presence in the United

States for ten years.  Obviously reviewing only the second, supplemental

submission of documents filed with Arellano-Mendoza's motion to reopen in

accordance with the IJ's agreement with her at the December 17, 2004, removal

hearing, a different IJ denied her motion, because she had failed to establish prima

facie eligibility for relief consisting of documentary evidence of ten years of

continuous residence in the United States.  The BIA dismissed Arellano-

Mendoza's appeal on the same basis.

"The standard for establishing a prima facie case is whether the evidence

reveals a reasonable likelihood that the statutory requirements for relief have been

satisfied." *Fernandez v. Gonzales*, 439 F.3d 592, 600 n.6 (9th Cir. 2006) (citations and internal quotation marks omitted). "In its determination, the BIA must take into account *all* relevant factors. . . . [,] must indicate how it weighed these factors[,] and indicate with specificity that it heard and considered petitioner's claims. A conclusory statement by the BIA concerning favorable factors is insufficient." *Arrozal v. INS*, 159 F.3d 429, 433 (9th Cir. 1998) (citations omitted). Because Arellano-Mendoza withdrew her petition for cancellation of removal and agreed to voluntary departure, "the IJ *never ruled* on [her cancellation-of-removal] petition but instead *granted*" her voluntary departure. *Medina-Morales v. Ashcroft*, 371 F.3d 520, 527 (9th Cir. 2004). Although Arellano-Mendoza fulfilled her part of the agreement stated by the first IJ, the second IJ erred in failing to review the cumulative documents in the administrative record that evidenced Arellano-Mendoza's continuous presence in the United States for ten years, and the BIA perpetuated this error and abused its discretion by dismissing her appeal, resulting in no review of the merits of Arellano-Mendoza's petition for cancellation of removal.

We retain jurisdiction over "constitutional claims or questions of law," in immigration proceedings. 8 U.S.C. § 1252(a)(2)(D). Therefore, we review Arellano-Mendoza's due process argument de novo. *Fernandez*, 439 F.3d at 603.

5

"We have held that due process requires that an alien receive a full and fair hearing," which "includes a reasonable opportunity to present evidence." *Singh v. INS*, 213 F.3d 1050, 1054 (9th Cir. 2000) (citations, internal quotation marks, and alteration omitted).

This case is specific to its facts. The IJ agreed to Arellano-Mendoza's voluntary departure, because she did not have the complete documentation of her ten-year residence in the United States at the December 17, 2004, removal hearing. Arellano-Mendoza's voluntary departure and agreement not to appeal was the *quid pro quo* for permitting Arellano-Mendoza to reopen her cancellation-of-removal petition, when she could supplement her petition with the necessary documentation. There was no requirement that she refile her previous supporting documentation, which would have been duplicative, since it remained in her administrative record. Because Arellano-Mendoza complied with the first IJ's agreement and submitted documentation to establish her continuous ten-year presence in the United States, the second IJ should have honored the agreement to reopen Arellano-Mendoza's cancellation-of-removal proceedings.

**Petition Granted; Reversed and Remanded to the BIA.**

*Arellano-Mendoza v. Holder*
Case No. 05-76912

**Rawlinson, Circuit Judge, dissenting:**

I respectfully dissent. I do not concur in the majority's conclusion that the Immigration Judge (IJ) agreed to allow the Petitioner to file piecemeal applications for cancellation of removal. There was no agreement to reopen the proceedings. Rather, the judge allowed the Petitioner to withdraw the application and resubmit it once she had gathered all her documents. The governing regulation expressly precludes the piecemeal approach. *See* 8 C.F.R. § 1003.23(b)(3) (providing that a motion to reopen "must be accompanied by the appropriate application for relief and *all* supporting documents") (emphasis added). The majority disposition acknowledges that the IJ conditioned the reinstatement of the application on Petitioner having *all her documents ready at some later time. See* Majority Disposition, p. 2. Absolutely no mention was made by the IJ or the petitioner of supplementing the admittedly incomplete application. Because the Petitioner's motion to reopen was not accompanied by all supporting documents, the Board of Immigration Appeals acted within its discretion when it denied Petitioner's motion to reopen.

I also part company with the majority's conclusion that the Petitioner was

1

not given an opportunity to be heard. The IJ specifically stated that the motion was only denied "until physical presence evidence is presented." Rather than present the physical presence evidence in a fully completed application, the Petitioner elected to appeal. Any denial of an opportunity for a hearing was self-imposed.